UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STACCATO CARLOS VALENTINO BLAKELY, a/k/a Stiletto Carlucci Luciano, | Civil File No. 07-4775 (MJD/SRN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ROSE ANN BISCH, Deputy Compact Administrator, Dept. of MN Corr., MICHAEL JOHNSON, Case Worker at the Faribault MN State Prison, and Chief Warden CONNIE ROERICH of the Faribault MN State Prison, | |
| Defendants. | |

This matter has been referred to the undersigned Magistrate Judge for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).[1]

Plaintiff commenced this action in December 2007, by filing a civil complaint and an application for leave to proceed in forma pauperis, ("IFP"). Plaintiff subsequently paid the full $350 filing fee for this action, and the District Court Judge therefore denied Plaintiff's

---

[1] Fed. R. Civ. P. 4(m) provides that –

"If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."

IFP application as moot. (Order dated April 7, 2008; [Docket No. 12].) Because Plaintiff's IFP application was denied, he was required to make his own arrangements for service of process in this case.

On September 23, 2008, the Court entered an order in this matter, (Docket No. 21), which pointed out that Plaintiff had not yet effected service of process on the named Defendants, and that the 120-day deadline for effecting service of process had expired. See Fed. R. Civ. P. 4(m), (quoted at n. 1, supra.) That order directed Plaintiff to serve the Defendants, and file proof of such service, (see Fed. R. Civ. P. 4(l)), within 30 days. Plaintiff was explicitly informed that this action would be dismissed as to those Defendants for whom he did not file proof of service within 30 days.

The deadline by which Plaintiff was required to serve the Defendants expired more than a month ago, but Plaintiff has not yet filed any proof of service for any of the named Defendants. Plaintiff has filed several letters during the past two months, (Docket Nos. 13-21), but those letters offer no excuse for Plaintiff's failure to comply with the service of process requirements imposed by the Federal Rules and this Court's last order.[2] Therefore, in accordance with the Court's prior order, and in accordance with Fed. R. Civ.

---

[2] For the most part, Plaintiff's recent letters simply reiterate the claim that he is attempting to advance in this case – a claim which, the Court notes, appears to be wholly unsustainable. Plaintiff is a former Minnesota state prisoner, who has been released from prison, but remains subject to the terms and conditions of "intensive supervised release" under Minnesota law. He apparently wants to serve his supervised release term in Maryland, rather than Minnesota, and he is attempting to sue various Minnesota prison officials who allegedly have prevented him from moving to Maryland. However, Plaintiff's submissions in this case do not show that he has any federally protected right to serve his term of supervised release in Maryland, rather than Minnesota. Indeed, it appears to the Court that the named Defendants would have ample legal authority to require that Plaintiff serve his supervised release term in Minnesota. Thus, it appears that Plaintiff's current lawsuit would have been destined to fail, even if the named Defendants had been served.

P. 4(m), the Court now recommends that this action be summarily dismissed, without prejudice, for lack of timely service of process on the named Defendants. See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be summarily DISMISSED without prejudice pursuant to Fed. P. Civ. P. 4(m).

Dated: November 24, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 9, 2008,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.